IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                              No. CV-05-0272 BB/LCS
                                CR-01-1303 BB

GONZALO MORALES-HERNANDEZ,

      Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's "Motion for Relief" (CV Doc. #1; CR Doc. #20) filed March 10, 2005, and "Motion to Reinstate Issue (CV Doc. #3; CR Doc. #22) filed March 24, 2005 (together the "motion"). On March 12, 2002, the Court entered judgment against Defendant, sentencing him to a 67-month prison term on his conviction for reentry by a deported alien previously convicted of an aggravated felony. *See* 8 U.S.C. §§ 1326(a)(1) and (2) and (b)(2). Defendant claims that under *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005), and *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), his sentence is unconstitutional.

The relief Defendant seeks must be pursued under 28 U.S.C. § 2255. His claims are expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws . . . , or . . . the court was without jurisdiction to impose such sentence." § 2255. In this circumstance, " 'district courts should not recharacterize a motion purportedly made

under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' " *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)).

The Court finds that Defendant's motion should be considered as made under § 2255, notwithstanding its lack of statutory basis, because of the nature of the relief sought. In light of the ruling in *United States v. Kelly*, the Court notes that a one-year limitation period applies to § 2255 motions. Furthermore, if Defendant pursues the motion under § 2255, he may be barred from filing subsequent § 2255 motions. If Defendant does not withdraw the motion, the Court may consider it in its current form or recharacterize it as a motion under 28 U.S.C. § 2255.

IT IS THEREFORE ORDERED that Defendant is hereby NOTIFIED that, within twenty (20) days from entry of this order, he may withdraw his "Motion for Relief" (CV Doc. #1; CR Doc. #20) filed March 10, 2005, and "Motion to Reinstate Issue (CV Doc. #3; CR Doc. #22) filed March 24, 2005, or notify the Court in writing that he agrees to have the motion recharacterized and considered as a motion under 28 U.S.C. § 2255.

_____
UNITED STATES DISTRICT JUDGE